# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **PANFILO PEREZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-14-1271-R** |
| | ) | |
| | ) | |
| **JANET DOWLING, Warden, JCCC,** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Panfilo Perez (Petitioner), a state prisoner appearing pro se, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1.[1] He challenges his judgment of conviction in the District Court of Custer County, Oklahoma, Case No. CF-2002-65A. *Id*. at 1. The matter is assigned to United States District Judge David L. Russell and is before the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). After careful review, the undersigned recommends that the petition be dismissed as untimely.

## I. The petition and relevant background.

Petitioner states that he was convicted on November 4, 2002, of

---

[1]        Citations reflect this Court's CM/ECF designation and pagination.

Trafficking in Illegal Drugs in violation of Okla. Stat. tit. 63, § 2-415. *Id.* He lists twenty-nine grounds for habeas relief. *Id.* at 5-40. He alleges that the one-year statute of limitations does not bar his November 12, 2014 federal habeas petition, explaining that he is a non-English speaker from Mexico who "do[es] not know how to do any of this." *Id.* at 13.[2] He maintains that he raised money to pay "Mr. Meacham, Esq. sentence modification, appeal, federal habeas corpus he did not file." *Id.* He contends that when he complained, Mr. Meacham "just sent me all my court records dumping me." *Id.* Similarly, Petitioner claims that he paid Mr. Dodds "PCR, appeal, federal habeas corpus" and that Mr. Dodds "filed fake stuff that was worthless and no good!" *Id.* He states that he has sued both of them. *Id.* He alleges, "Date of discovery of the claims for relief after endlessly seeking help from inmates." *Id.*

The undersigned ordered a response to the petition; Respondent filed a motion to dismiss the petition as time-barred along with a supporting brief. Docs. 11, 12. Petitioner then filed his objections to the motion – with supporting documentation – as well as a motion for a "habeas corpus hearing," discovery, and the appointment of counsel. Docs. 15, 16.[3]

---

[2]     Unless otherwise indicated, quotations in this report are reproduced verbatim. Petitioner's use of the uppercase is altered in part.

[3]     For purposes of this report, the undersigned assumes that
(continued...)

2

## II.    Analysis.

### A.    Period of limitation.

Petitioner's habeas action is subject to a one-year period of limitation under the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  *See* 28 U.S.C. § 2244(d).  "The limitation period shall run from the latest of" four possible dates, *id.* § 2244(d)(1), and Petitioner's pleadings suggest three.

### 1.    Conclusion of direct review.

Considering the first of the three possibilities, the clock on Petitioner's one-year limitation period began to run on the day his "judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* § 2244(d)(1)(A).  Petitioner timely appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA); that court affirmed the conviction on September 18, 2003. Doc. 1, at 2.  The conviction then became final on December 17, 2003, when the ninety-day period for filing a certiorari petition expired.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) ("Under [28 U.S.C. § 2244(d)(1)(A)], a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until . . . after the United States Supreme Court has denied review,

---

[3](...continued)
Petitioner's fellow-inmate, William Church, prepared Petitioner's pleading and papers.  *See* Doc. 15, at Ex. B.

or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.") (internal quotation marks omitted). The one-year period of limitation began to run the following day, December 18, 2003, and expired one year later, on December 20, 2004 (allowing for Saturday and Sunday). *See Harris v. Dinwiddie*, 642 F.3d 902, 906-07 n.6 (10th Cir. 2011) (the one-year period of limitation begins to run the day after a conviction is final).

So, unless a later accrual date applies, and absent statutory or equitable tolling of the limitation period or a credible assertion of actual innocence, the petition – filed on November 12, 2014[4] – is untimely by almost ten years.

## 2. Constitutional right newly recognized by the Supreme Court.

The court liberally construes Petitioner's pleadings[5] to include a second possible date of inception of the year-long period: "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

_____

[4]      The court deems the petition filed on the day Petitioner gave it to prison authorities for mailing. *Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007); *Hoggro v. Boone*, 150 F.3d 1223, 1227 (10th Cir. 1998) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)); *see* Doc. 1, at 41.

[5]      *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).
Petitioner labels his "Ground 10" as "Change in the law. New rulings." Doc. 1,
at 19. He maintains that after his appeal was affirmed, the OCCA decided a
case pertaining to excessive length of detainment, and points to his detainment
of "over 3 hours plus!" *Id.* He then asserts that "[g]uilty plea offers should have
been given to me such as 4 years if I pled guilty. No one told me which I
reported! No one still has done anything about it!" *Id.*

Respondent argues that Petitioner refers only to a new ruling by the
OCCA, not the Supreme Court, and also fails to provide a citation, date, or
information about any new ruling. Doc. 12, at 13-14. In response, Petitioner
vaguely alludes to "'new rulings' on traffic stops recognized by the Supreme
Court" and concludes "that this is a constitutional violation, most serious which
does apply which it also coinsides with actual innocence and the constitutional
violations of the falsity of the state trooper." Doc. 15, at 2. He states that "[t]he
dates is on the case rulings itself. The case precedents memorandum of law,
infra." *Id.*

Section 2244(d)(1)(C) explicitly applies to a decision by the Supreme Court,
not one by the OCCA or other state or federal court. *See also Preston v. Gibson*,
234 F.3d 1118, 1120 (10th Cir. 2000). The undersigned has reviewed the
decisions Petitioner cites in his legal argument labeled "1. Re: Change in the

Law, Doc. 15, at 4-6, and has extracted his citations to Supreme Court decisions: *United States v. Jones*, 132 S. Ct. 945 (2012); *Missouri v. Frye*, 132 S. Ct. 1399 (2012); *Lafler v. Cooper*, 132 S. Ct. 1376 (2012); *Skinner v. Switzer*, 562 U.S. 521 (2011); *Cone v. Bell*, 556 U.S. 449 (2009); *House v. Bell*, 547 U.S. 518 (2006); *Rompilla v. Beard*, 545 U.S. 374 (2005); *Wiggins v. Smith*, 539 U.S. 510 (2003); and *Smith v. Cain*, 132 S. Ct. 627 (2012).  Even assuming the Court recognized new – and pertinent – constitutional rights in the cited decisions and further assuming the newly recognized constitutional rights were retroactively applicable to cases on collateral review, the most recent decisions Petitioner cites were reached in *Frye* and *Lafler* on March 21, 2012.  Petitioner did not file his latest post-conviction application until June 2013 and his federal habeas petition until November 12, 2014.  Doc. 1, at 4, 41.  "Because the United States Supreme Court did not 'newly recognize[]' any relevant constitutional right during the year prior to [Petitioner's] initiation of post-conviction proceedings, § 2244(d)(1)(C) does not apply."  *Preston*, 234 F.3d at 1120 (second alteration added).

### 3. Discovery of the factual predicate of the habeas claims.

The one-year AEDPA period of limitation can also begin to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."   28 U.S.C. §

2244(d)(1)(D).   When given the required expansive reading, Petitioner's explanation of why he was filing his federal habeas petition over a year after his judgment of conviction became final – "date of discovery of the claims for relief after endlessly seeking help from inmates" – implicates that provision.  Doc. 1, at 13.

Petitioner does not provide a precise "date of discovery" in his habeas petition.  Doc. 1.  In support of his objections to Respondent's motion to dismiss, he includes an unsigned declaration in which he "submit[s] to the court that the date of discovery of these claims would be 2013.  April/May."  Doc. 15, Ex. A, at 2 (Petitioner's brackets omitted).  He explains that an inmate, William Church, told him that he "had a claim" and that a "PCR" – presumably, Petitioner's latest application for post-conviction relief – "went to the court" in May, 2013.  *Id.* Nonetheless, Petitioner fails to identify any *facts* giving rise to any of his multiple habeas claims that he was unaware of until May 2013, and the undersigned is unable to perceive any such *facts* on review of Petitioner's twenty-nine grounds for relief.  *Id.*  "[W]hile it is possible that [Petitioner] did not understand the legal significance of all . . . facts, the limitations period begins to run when the petitioner knows of the facts giving rise to the habeas claim; it is not required that he or she understand the legal significance of those facts."  *Klein v. Franklin*, 437 F. App'x 681, 684 (10th Cir. 2011).  And, in any

event, Petitioner did not file his federal habeas petition within the one-year period after May 2013, the date of discovery he alleges.

### 4. Conclusion.

Only Subsection (A) applies here. Petitioner was required to file his petition no later than December 20, 2004. Without statutory or equitable tolling or a cognizable claim of actual innocence, the petition is untimely.

### B. Statutory tolling.

Statutory tolling is available when, during the one-year period of limitation, a petitioner properly files a petition for collateral review in the state trial court. *See* 28 U.S.C. § 2244(d)(2). Petitioner filed his first application for post-conviction relief on August 18, 2004, tolling his statutory year with 125 days remaining. Doc. 1, at 3. Respondent acknowledges that Petitioner's one-year period of limitation was statutorily tolled as a result of his state post-conviction proceedings either from August 18, 2004 to September 13, 2006 or from August 18, 2004 to March 27, 2008, the latter period dependent upon whether a September 13, 2006 submission was *properly* filed by Petitioner. Doc. 12, at 2-8. Petitioner generally objects, simply – and without meaningful support – claiming entitlement "to tolling and waiver of the statutory tolling." Doc. 15, at 1.

As Respondent further acknowledges, "the determination of whether the

filing on September 13, 2006 was properly filed and tolled the statutory year, does not change the ultimate outcome of the Petitioner's timeliness, as the Petitioner has subsequent periods in which nothing is pending before the state court and his statutory year expires prior to the instant habeas petition." Doc. 12, at 7. Accordingly, without deciding whether the September 13, 2006 filing was properly filed and giving Petitioner the benefit of *any* doubt, the undersigned concludes that Petitioner's statutory year expired 125 days after March 27, 2008, or on July 30, 2008.

Petitioner filed an April 14, 2009 motion to modify sentence and a May 29, 2013 application for post-conviction relief after the expiration of the period of limitation. *Id.* at 8-9; *see id.* Exs. 9, 11. Those filings do not impact his period of limitation. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

## C.   Equitable tolling.

The period of limitation also "may be subject to equitable tolling" under circumstances where application of the period of limitation would possibly render the habeas remedy "inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (citations omitted); *see also Holland v. Florida*, 560 U.S. 631, 645 (2010) ("hold[ing] that § 2244(d) is subject to equitable tolling in

appropriate cases") (citations omitted). "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'"  *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Consequently, equitable tolling is limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations omitted).  To justify equitable tolling, the petitioner must "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citations omitted).  Petitioner has the burden of demonstrating that equitable tolling applies.  *Sigala*, 656 F.3d at 1128; *Miller*, 141 F.3d at 977.

Here, in explaining in his habeas petition why the one-year limitation period does not bar his petition, Petitioner declares he and his sister raised money to pay an attorney, Mr. Meacham, and another individual, Mr. Dodds, to file his appeal, his request for post-conviction relief, his request for sentence modification, and his federal habeas petition.  Doc. 1, at 13.[6]  He contends Mr.

---

[6]     Petitioner executed his habeas petition, declaring under penalty of perjury that its contents were "true and correct." Doc. 1, at 41.  He executed but did not verify his objections to Respondent's motion to dismiss and did not execute his supporting affidavit.  Doc. 15, at 11, Ex. A.

Dodds only "[f]iled fake stuff that was worthless and no good!" *Id.* He alleges

attorney Meacham "did not file" and when Petitioner "complained then he just

sent me all my court records dumping me." *Id.* Petitioner also maintains he

"do[es] not speak English"; "do[es] not know how to do any of this"; and "get[s]

only the help [he] can muster up." *Id.* He states "[d]ate of discovery of the

claims for relief after endlessly seeking help from inmates." *Id.*

With regard to his claim that Mr. Meacham "did not file," Petitioner

further alleges in another section of his petition that he was represented on

appeal by "OIDS and Randolph S. Meacham, Esq. (Meacham did nothing! OIDS

did it all!)." *Id.* at 12. He then states that "Randolph S. Meacham, Esq. and,

Thomas C. Dodds, Jr. legal services" represented him in a "post-conviction

proceeding" and that the same two individuals represented him on appeal from

a post-conviction ruling but "did not do anything either but swindle us out of our

money!" *Id.*

Similarly, Petitioner asserts ineffective assistance of appellate counsel as

Ground 23 of his petition, complaining he "raised the money to pay Mr.

Meacham to do [his] direct appeal, PCR, sentence modification judicial review

and federal habeas corpus" but the attorney "did nothing but take our money!"

*Id.* at 35. He claims the attorney failed to meet, communicate, investigate,

obtain a police video, have evidence tested, or obtain reports. *Id.* at 35-36.

Petitioner then maintains that "[a] *while after this*, we were still waiting on Meacham to file to federal court!  After I complained about this, he sent me my records dumping, abandoning and deserting me-us!"  *Id.* at 37 (emphasis added).[7]  He claims that "[t]he date of discovery for my habeas federal corpus that he was not doing it for me is when he sent my records back . . . ."  *Id.*  To support his objections to Respondent's motion to dismiss, Petitioner attached a copy of that February 12, 2013 letter from Mr. Meacham which advised as follows:

> I am in receipt of your request for documentation from my files in the above referenced matter.  As I was not your trial attorney, I do not have the investigative reports, police statements, Pre-Sentence Report, etc.  I have enclosed a copy of all court documents contained in my files during the time of my representation of you in the appeal and post-conviction request process (approximately April 2003 through September 2008).

Doc. 15, Ex. J.

Petitioner complains in Ground 24 that he paid Mr. Dodds "for his legal services and representation for post-conviction appeal services which include federal habeas corpus proceeding filings."  Doc. 1, at 38.  He states that Mr. Dodds "prejudiced me severely because he never filed my post-conviction, post-conviction appeal or my federal habeas corpus!"  *Id.*

Petitioner further claims in objecting to Respondent's motion to dismiss

---

[7]     Petitioner does not quantify "*a while*."  *Id.* at 37.

that he just "became aware of his AEDPA tolling when he received and had an inmate interperate the motion to him." Doc. 15, at 6. He maintains he "simply did not know any thing of or about this and moves for tolling out of ignorance, lack of knowledge." *Id.* He faults the prison law library for not posting an "AEDPA new law notice." *Id.* at 10.[8]

Petitioner provides no facts from which the court could find that there are "rare and exceptional" circumstances that warrant equitable tolling. *Gibson*, 232 F.3d at 808. He claims that he paid Mr. Meacham and Mr. Dodds to file his federal habeas petition and both failed to do so. But he also pleads that he paid them to file other papers on his behalf and they had failed to do that. He does not suggest any reason why, given that history, it would be out of the ordinary for either to fail to file his federal habeas corpus action. Put another way, nothing about the circumstances Petitioner describes could plausibly lead to a belief that a timely federal habeas action would be filed on his behalf by either Mr. Meacham or Mr. Dodd and thus "st[an]d in [the] way" of or otherwise impede him from pursuing federal relief. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted); *see Cabrera v. Zavaras*, 261 F. App'x 102, 105 (10th Cir. 2008) ("There is no right to effective assistance of counsel on habeas corpus" and

---

[8]    Petitioner also maintains that no one in the prison library could speak English or Spanish. Doc. 15, at 10.

thus "any misunderstandings of the law are attributable to [Petitioner].").

Neither is there anything that warrants equitable tolling with regard to Petitioner's claim that he only became aware of "AEDPA tolling" when Respondent raised it in the motion to dismiss. Doc. 15, at 6. The Tenth Circuit recently rejected a similar claim by an inmate, reaffirming that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *See Craig v. McCollum*, 590 F. App'x 723, 726 n.3 (10th Cir. 2014) (quoting *Marsh*, 223 F.3d at 1220).

And, even if Petitioner could show rare and extraordinary circumstances justifying some equitable tolling of the limitation period, he must also demonstrate that he has diligently pursued his federal claims. *See Marsh*, 223 F.3d at 1220. Here, Petitioner states that he does not speak English and only discovered his claims "after endlessly seeking help from inmates." Doc. 1, at 13. But he "must allege with specificity the steps he took to diligently pursue his federal claims." *Yang v. Archuleta,* 525 F.3d 925, 930 (10th Cir. 2008) (internal quotation marks omitted). Petitioner's explanation is conclusory. He "has not set forth what actions he pursued to secure assistance with his language barrier inside or outside prison boundaries" for the over six-year period beginning March 27, 2008 when the OCCA affirmed the denial of post-conviction relief (and when he was admittedly aware that his paid representatives had failed to act on his

behalf) and November 12, 2014 when he filed his federal petition. *Id.* "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (citations omitted); *Sigala*, 656 F.3d at 1128 (requiring petitioner to "vigorously attempt[] to ensure his habeas petition was timely filed").

In any event, after the OCCA affirmed the denial of post-conviction relief on March 27, 2008, Doc. 1, at 3, Petitioner had 125 days remaining in his one-year limitation period. *See supra* § II.B. Giving full credence to his claim that the limitation period was then equitably tolled until February 12, 2013 – the date Mr. Meacham returned Petitioner's records – the period of limitation would begin to run again on that date with all but those 125 days having expired. Nonetheless, Petitioner did not seek federal habeas relief until November 12, 2014. Doc. 1, at 41.

### D.  Actual innocence.

Petitioner seeks to avoid any period of limitation by claiming actual innocence as a "gateway through which a petitioner may pass" when confronted with the expiration of his period of limitation. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "[A] 'credible showing of actual innocence' provides an outright equitable *exception* to AEDPA's statute of limitations." *Doe v. Jones*,

762 F.3d 1174, 1182 (10th Cir. 2014) (quoting *McQuiggin*, 133 S. Ct. at 1928, 1931-33).

But, "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with *new reliable* evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added). And, Petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 327).

Petitioner – who states he was stopped by an Oklahoma state trooper while "driving along in my van minding my own business breaking no laws what so ever" – asserts actual innocence as Ground 19 of his habeas petition. Doc. 1, at 18, 27. He maintains that he bought a nice, cheap van in a salvage yard and "had no knowledge what so ever any drugs was in my van!" *Id.* at 27. He claims "[t]he police lied" and "falsified all their probable cause!" *Id.* He contends a video "[t]hey still have not produced" proves his claim. *Id.* He explains the video is "of the stop, detainment, search and transactions" and alleges a "[p]olic[e] car camera, recorder, cam corder of the whole stop, detainment, etc which proves they lied and my actual innocence." *Id.* at 20. He claims he was denied

"testing/examinations of the other 35 packages of drugs. Only 5 tested." *Id.*

And, in this same vein, he contends "[t]he evidence used to convict me was

illegally, improperly and wrongfully handled" and that "[a]ll of the container

packages confiscated and wrongfully assessed to me were not tested." *Id.* at 25.

He alleges that "[t]he police planted the evidence on me by: deliberately and

intentionally putting a positive spoon-testing device - into the other untested

bundles, packages containers." *Id.*

Petitioner points to nothing new. He only rehashes theories and alleged

deficiencies that have been apparent since the time of the traffic stop and trial.

Moreover, Petitioner's lack of diligence in bringing his request for federal habeas

relief to assert actual innocence is a factor. A petitioner is required to

demonstrate that "'it is more likely than not that no reasonable juror would have

convicted [petitioner] in light of' new evidence, and 'unexplained delay' still bears

on whether a petitioner has met his burden." *Craig*, 590 F. App'x at 725

(quoting *McQuiggin*, 133 S. Ct. at 1935).

## III. Recommendation and notice of right to object.

For the stated reasons, the undersigned recommends that Judge Russell

grant Respondent's motion to dismiss, Doc. 11, and dismiss Petitioner's action

as untimely and with prejudice. If this recommendation is adopted, the denial

as moot of Plaintiff's motion for a hearing, discovery, and appointment of

counsel, Doc. 16, is also recommended.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court on or before April 30, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to file a timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 10th day of April, 2015.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE