# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PANFILO PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-1271-R |
| | ) | |
| DIRECTOR, OKLAHOMA DEPARTMENT OF CORRECTIONS; JANET DOWLING, Warden, JCCC,[1] | ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner, a state prisoner appearing pro se, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus raising twenty-nine grounds for relief. Doc. No. 1. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On April 10, 2015, Judge Mitchell issued a Report and Recommendation wherein she recommended that Respondent Janet Dowling's motion to dismiss be granted and the application for habeas relief be dismissed as untimely. Doc. No. 17, at 1. The matter is currently before the Court on Petitioner's objection to the Report and Recommendation [Doc. No. 18], which gives rise to the Court's obligation to conduct a *de novo* review of any portion of the Report and Recommendation to which Petitioner specifically objects.

---

[1] Because Petitioner is in custody pursuant to a state court judgment, under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Warden is the only proper Respondent in this action. Accordingly, the Director of the Oklahoma Department of Corrections is dismissed as a Respondent.

## Analysis

Judge Mitchell recommends dismissing this action as untimely because it was filed outside the one-year limitations period provided by 28 U.S.C. § 2244(d). In his objection, Petitioner argues that the limitations period should be tolled due to: 1) "exceptional, special, extraordinary circumstances;" 2) "he has continuously worked diligently;" 3) "actual innocence;" 4) "ineffectiveness of retained counsel violations;" 5) "date of discovery as in when Petitioner actually discovered the claims when an inmate apprised him of same;" 6) "the date when counsel, Randolph Meacham breached his promises of representation, advocacy and returned the Petitioner's file to him;" and 7) "change in the law by the Supreme Court U.S. and the OCCA." Doc. No. 18, at 2. He also refers the Court to his objections to Ms. Dowling's motion to dismiss, and cites various subsections of § 2244, as well as several cases. *Id.* at 2-3. Judge Mitchell thoroughly addressed Petitioner's objections in the Report and Recommendation,[2] and the Court will not revisit any issue to which Petitioner does not specifically object. *See Thompson v. Sirmons*, 336 F. App'x 834, 836-37 (10th Cir. 2009) (unpublished) ("When a plaintiff does not make specific objections to the magistrate judge's report, he is considered to have waived those objections. The district court was not obliged to re-do what the magistrate had done, given that Mr. Thompson had not provided it with any reason to do so." (citing *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996)).

---

[2] Doc. No. 17, at 9-15 (addressing the "rare and exceptional circumstances," "diligently pursued his federal claims," ineffective assistance of counsel, and the date his attorney returned his file to him issues); *id.* at 15-17 (addressing actual innocence issue); *id.* at 6-8 (addressing the date of discovery issue); *id.* at 4-6 (addressing the change in law issue).

### A. Petitioner's Evidence

Petitioner contends that Judge Mitchell "ignored and disregarded Petitioner's [Affidavits] pinpointing date of discovery[] violations, the evidence and documentations, [and] exhibits Petitioner submitted supporting his action." Doc. No. 18, at 3. First, this is incorrect, as Judge Mitchell cited to three exhibits attached to Petitioner's objections in her Report and Recommendation. Doc. No. 17, at 2 n.3 (citing Exhibit B); *id.* at 7 (citing Exhibit A); *id.* at 10 (citing Exhibit A); *id.* at 12 (citing Exhibit J). Additionally, Petitioner does not explain how, and the Court does not find that any of the other exhibits would change the result in this case.

### B. Counsel, Discovery, and a Hearing

Petitioner next argues that he is entitled to counsel, discovery, and a hearing to support his claims. Doc. No. 18, at 4. With regard to his request for discovery and a hearing, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Curtis v. Chester*, 626 F.3d 540, 549 (10th Cir. 2010) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). Under Rule 6 of the Rules Governing Section 2254 Cases, Petitioner must demonstrate "good cause" for requesting discovery, including providing reasons for the request. "The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b).

In his Motion for Habeas Corpus Hearing, Discovery, and the Appointment of Counsel [Doc. No. 16], Petitioner provides several reasons for why he is entitled to discovery and a hearing that relate to the timeliness of his Petition. First, he contends that

he needs to determine the date of discovery—"when Petitioner actually learned of the claims." *Id.* at 2. Because Petitioner is in the best position to know when he learned of the factual predicate for his habeas claims, this is an insufficient basis on which to support discovery in this case. Petitioner also states that a hearing is required to address the issue of "newly-enacted laws and rulings." *Id.* But he does not reference any missing facts or facts in dispute that would preclude the Court from ruling on this issue without discovery or a hearing.

Finally, Petitioner contends that he is entitled to discovery to prove his actual innocence. *Id.* He requests discovery so he can "obtain records, files, [and] witnesses that was [sic] not developed in the lower courts." *Id.* Because this request does not specify what particular documents or testimony Petitioner seeks, it does not satisfy the requirements of Rule 6(b) of the rules Governing Section 2254 Cases. Therefore, Petitioner is not entitled to discovery in this case.

Petitioner also has no constitutional right to an attorney in federal habeas proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). In his motion requesting appointment of counsel, Petitioner cites Rule 8(c) of the Rules Governing Section 2254, Doc. No. 16, at 3, which states that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Because no evidentiary hearing is warranted in this case, Rule 8(c) does not provide Petitioner with the right to an attorney.

4

C. **Standard for Pro Se Litigants**

Finally, Petitioner argues that Judge Mitchell held him to a higher standard than the more lenient one to which he is entitled as a pro se litigant. Doc. No. 18, at 3. Although the Court does hold Petitioner's pleadings "to a less stringent standard than formal pleadings drafted by lawyers," he must still follow the same procedural rules that govern all litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citations omitted). The Court will not "supply additional facts or legal theories for a [pro se party's] benefit." *Maynard v. Fallin*, 564 F. App'x 943, 946-47 (10th Cir. 2014) (unpublished) (citing *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009); *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). Even after liberally construing Petitioner's pleadings, Doc. No. 17, at 4, Judge Mitchell concluded that the Petition was untimely. Petitioner's objections are unsuccessful in challenging that conclusion.

## Conclusion

In accordance with the foregoing, Petitioner's Motion for Habeas Corpus Hearing, Discovery, and the Appointment of Counsel [Doc. No. 16] is DENIED, Respondent Janet Dowling's Motion to Dismiss Petition for Habeas Corpus as Time Barred by the Statute of Limitations [Doc. No. 11] is GRANTED, and the Report and Recommendation [Doc. No. 17] is ADOPTED.

IT IS SO ORDERED this 6th day of May, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE