# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PANFILO PEREZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-14-1271-R |
| | ) |
| JANET DOWLING, Warden, JCCC, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner filed a motion for the Oklahoma Attorney General to issue him a copy of the U.S. Supreme Court's recent ruling in *Rodriguez v. United States*, 135 S. Ct. 1609 (2015) [Doc. No. 21] and a motion to stay the proceedings until he receives a copy of this opinion [Doc. No. 22]. On May 6, 2015, this Court entered an Order adopting the Report and Recommendation of the Magistrate Judge and granted Respondent's motion to dismiss the Petition brought under 28 U.S.C. § 2254 as untimely. Doc. No. 19, at 5. On April 21, 2015 the Supreme Court in *Rodriguez* addressed the question "whether the Fourth Amendment tolerates a dog sniff conducted after completion of a traffic stop," and held that "a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." 135 S. Ct. at 1612. Petitioner contends that he raised this issue in his Petition. Doc. No. 21, at 1. The Court construes his motion for the Oklahoma Attorney General to issue him a copy of *Rodriguez* as a motion for reconsideration and denies the motion.

The Court may grant a motion to reconsider "when the court has misapprehended the facts, a party's position, or the law." *United States v. Christy*, 739 F.3d 534, 539 (10th

Cir. 2014) (citing *Servants of Peraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Grounds for reconsideration include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Peraclete*, 204 F.3d at 1012).

Petitioner was convicted of trafficking in illegal drugs in the District Court of Custer County in 2002. Pet. 1. In the first ground of his § 2254 Petition, he alleges that "the trial court erred in failing to suppress the evidence obtained by a warrantless search and seizure violating the 4th, 14th Amendment." *Id.* at 5. In support of this ground, he states that an Oklahoma state trooper stopped him "over a license plate in [the] window of the [] van." *Id.* After checking the plate with the DMV and having it come back "verified and legitimate," the officer detained him for "over an hour" and called the police drug dog. *Id.* The officer stated that "the dog stood on its back hind legs [and] smelled drugs in the ceiling of [Petitioner's] van." *Id.* "The police then took [Petitioner] to a garage and tore/ripped [his] van apart." *Id.*

In his objection to the Report and Recommendation written on April 22, one day after the Supreme Court issued the *Rodriquez* opinion, Petitioner argued, among other things, that the one-year limitations period provided by 28 U.S.C. § 2244(d) should be tolled due to "change in the law by the Supreme Court U.S. and the OCCA." Doc. No. 18, at 2. Because Petitioner did not specifically object to the Magistrate Judge's analysis of this argument in the Report and Recommendation, the Court did not address that objection. Order, Doc. No. 19, at 2 (citing *Thompson v. Sirmons*, 336 F. App'x 834, 836-37 (10th Cir. 2009) (unpublished)). In his current motion, Petitioner states that "the

2

Supreme Court US just ruled that: the police can no longer detain or hold up anyone to bring a drug dog in to sniff the vehicle out." Doc. No. 21, at 1.

Section 2244(d)(1)(C) provides for a one-year limitations period that runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." But even if the Supreme Court newly recognized a constitutional right in *Rodriguez*, that right is not retroactively applicable to this case.

In *Teague v. Lane*, 489 U.S. 288 (1989), and subsequent cases, the Supreme Court adopted a three-step test to determine whether a right applies retroactively. *United States v. Chang Hong*, 671 F.3d 1147, 1150 (10th Cir. 2011). The first step is determining whether Petitioner's conviction was final before the Supreme Court's decision in *Rodriguez. Id.* at 1151. Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals, which affirmed his conviction on September 18, 2003. Pet. 2. Because he did not file a petition for certiorari in the Supreme Court, *id.*, his conviction became final on December 17, 2003, when the ninety-day period for filing a petition for certiorari expired. *See United States v. Price*, 400 F.3d 844, 846 (10th Cir. 2005) ("For *Teague* purposes, a conviction becomes final when the availability of a direct appeal has been exhausted, and the time for filing a certiorari petition with the Supreme Court has elapsed, or the Court has denied a timely certiorari petition." (citing *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994))); *In re Sunset Sales, Inc.*, 195 F.3d 568, 572 (10th Cir. 1996) (A party has ninety days from the entry of judgment to file a petition for certiorari." (citing Sup.

Ct. R. 13)). Therefore, Petitioner's conviction became final before the Supreme Court issued its decision in *Rodriguez* last month.

The second step is determining whether *Rodriguez* represents a "new rule of constitutional law." *Chang Hong*, 671 F.3d at 1151 (internal quotation marks omitted). But the Court need not conduct this analysis because even if it does represent a new rule, *Rodriguez* does not fall within one of "two narrow exceptions to the retroactivity bar outlined in *Teague*." *Id.* at 1156-57. "A new rule will apply retroactively to a final conviction only under very limited circumstances." *Id.* at 1157 (citing *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004)). "A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive, or (2) the rule is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* (footnote omitted) (quoting *Whorton v. Bockting*, 549 U.S. 406, 416 (2007)). "A substantive rule is one that alters the range of conduct or the class of persons that the law punishes," and "a procedural rule regulates only the *manner of determining* the defendant's culpability." *Id.* (footnote omitted) (quoting *Schriro*, 542 U.S. at 353) (internal quotation marks omitted).

The rule in *Rodriguez* is procedural and not substantive, because it regulates the manner in which police officers may conduct a search of a vehicle for drugs during a traffic stop consistent with the Fourth Amendment. *Cf. Sanders v. Dowling*, 594 F. App'x 501, 503 (10th Cir. 2014) (unpublished) ("The rule in *McNeely* is procedural, not substantive. It regulates only the manner in which law enforcement can perform

nonconsensual blood testing during drunk-driving investigations consistent with the Fourth Amendment."). Therefore, only the "watershed" exception may apply.

To apply the watershed exception, the rule "(1) must be necessary to prevent an impermissibly large risk of an inaccurate conviction, and (2) must alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." *Chang Hong*, 671 F.3d at 1157 (quoting *Whorton*, 549 U.S. at 418) (internal quotation marks omitted). Petitioner does not satisfy the first requirement, and therefore this exception does not apply. An impermissibly large risk of an inaccurate conviction for trafficking in illegal drugs does not arise from a police officer obtaining information about the contents of a vehicle from a stop that exceeds the time needed to handle the matter for which s/he made the stop. *Cf. Sanders*, 594 F. App'x at 503 ("The opinion nowhere implies that the nonconsensual drawing of a suspect's blood during a drunk-driving investigation might create even a slight risk of an inaccurate conviction, and we fail to see how such a risk could arise.").

Because *Rodriguez* does not fall within either of the two exceptions to the retroactivity bar, there is no "clear error" or "manifest injustice" that the Court must correct in its Order dismissing the Petition as untimely. Petitioner's motion for the Oklahoma Attorney General to issue him a copy of the *Rodriguez* ruling [Doc. No. 21], which the Court construes as a motion for reconsideration, is DENIED, and his motion to stay the case pending his receipt of the opinion [Doc. No. 22] is DENIED as moot.

IT IS SO ORDERED this 15th day of May, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE